# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN A. LEONARD, | ) | |
| Plaintiff, | ) ) | Civil Action No. 20-47 |
| v. | ) ) | Judge Cathy Bissoon |
| MICHELLE NATALIE, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## ORDER DISMISSING CASE

On January 13, 2020, Plaintiff Sean A. Leonard ("Plaintiff" or "Mr. Leonard") initiated this suit by filing a Complaint, (Doc. 1), and paying the filing fee. Two day later, Plaintiff filed an Addendum to his Complaint, ("Addendum," Doc. 2).

The Court spent a good deal of time and effort reviewing Plaintiff's filings and found, despite its best efforts, that the documents were wholly undecipherable. While Plaintiff used the standard Pro Se Plaintiff Complaint in a Civil Case Form to compose his pleading, his writings on the Complaint form are no more than a stringing together of nonsensical phrases. For example, on the third page, Plaintiff indicates that basis for federal question jurisdiction is "NOTWITHSTANDING INFORMAL WASHOUT!!" and identified himself as a corporation, the "Ministry of Climate." On the following page, he provided the following response in explanation of the amount of controversy:

> ([SYSTEMICS:POLEMICS]-CONFUSION.) IT THEREFORE IS
> HELD TRUE AND UNDER OATH OF DEATH BEFORE
> DISHONOR: SYSTEMICS WAS MADE FOR POLEMICS.
> POLEMICS WAS NOT MADE FOR SYSTEMICS. someone had
> to Crash a Plane and Lose proof that Sean Leonard was owed

1

> capital is that they said, the point is there up for lying [sic]. Truth is . . .

The Addendum lends no additional clarity and is, arguably, more confusing. On the second page, Plaintiff writes a series of seemingly random words — e.g., "USMC N.K.L. Piñata Warbuilder Sobre Sean Leonard STAGED MATRIGONIA MURDOCK – CASE"— over what appears to be a magazine picture of a man proposing to a woman. Plaintiff goes on to attach multiple pages of his U.S. Passport and on the final page of the Addendum, writes another series of random words from which the Court is unable to draw any conclusion as to what Plaintiff seeks in this suit. Having been stymied in its quest to discern the nature of Plaintiff's claims, on January 16, 2020, the Court issued an Order to Show Cause, ("OTSC," Doc. 3), requiring Plaintiff to respond by January 30, 2020, and demonstrate why his pleadings do not violate Federal Rule of Civil Procedure ("Rule") 11(b). The OTSC advised that Plaintiff's failure to demonstrate good cause would likely result in dismissal of his suit. Id.

Plaintiff filed papers on the deadline.[1] The top of first page of Plaintiff's filing, presumably[2] his Response to the Order to Show Cause, reads: "CONTINUATION [sic] BIBLE." The filing is ninety-four pages in length and includes a "SIDE~REEL:~TABLE~OF: CONTENTS:" which purports to set out the sections of the document, including, for example: "1. RELIGIOUS-FREEDOM FOREIGN-INTELLIGENCE NOVEL-LANGUAGE TECHNOLOGY-DISCLOSURE" and "3. ~EMENENT~DISCLOSURE: GO-BIG -OR-GO-

---

[1] Plaintiff also filed "Appendix of Exhibits" on the following day, January 31, 2020. (Doc. 5.) The Court has considered this document and finds that its content consistent with the rest of Plaintiff's filings.
[2] The Clerk docketed the filing as a Response to the Order to Show Cause. (Doc. 4.)

TOMB." The Court has reviewed each page of Plaintiff's filing, and, in short, continues to be at a loss as to the nature of Plaintiff's grievances in even the broadest sense.

"Rule 11 [ ] is intended to discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.'" Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986) (quoting Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986)). Pro se plaintiffs have the same duty to adhere to the Federal Rules of Civil Procedure, and their failure to do so can subject them to sanction under Rule 11. Taylor v. Messmer, 2010 WL545892, at *1 (W.D. Pa. Feb. 9, 2010) (Citing numerous court that have "have imposed Rule 11 sanctions on pro se plaintiffs who have not performed the factual and legal research required under the Rule."). "The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances, with reasonableness defined as an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir. 1991) (quoting Jones v. Pittsburgh N. Corp., 899 F.2d 1350, 1357 (3d Cir. 1990) (internal citation omitted)).

Here, there is no reason to suspect that Plaintiff's suit was filed in subjective bad faith; indeed, the Court suspects the opposite. However, objectively, the pleadings are incomprehensible. There is no objective knowledge or belief represented in the filings. Plaintiff's filings cannot be said to be "well-grounded" in law and fact; they are entirely ungrounded in either. Thus, Plaintiff has violated Rule 11 and sanctions may be imposed.

Under the circumstances presented here, the Court finds that dismissal of this case with prejudice is the appropriate sanction. First, it is the sanction forewarned by the Court in its OTSC. (Doc. 3.) Second, judicial resources are scarce, and there simply is no reason to allow a

lawsuit with undecipherable allegations to proceed in the usual course. Such a sanction effectuates Rule 11's intention—discouraging frivolous pleadings—in the clearest manner possible.

Plaintiff has failed to demonstrate good cause as to why dismissal is not warranted as a sanction for his failure to comply with Rule 11(b). Therefore, IT IS ORDERED that this case is dismissed with prejudice. A final judgment order will follow.

IT IS SO ORDERED.


February 3, 2020                                            s\Cathy Bissoon
                                                                     Cathy Bissoon
                                                                     United States District Judge

cc (via First-Class U.S. Mail):

Sean A. Leonard
903 Watson Street
Pittsburgh, PA 15219